IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LONZO A. CALDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:21-CV-037-BR |
| | § | |
| LUBBOCK COUNTY CORONER'S OFFICE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Before the Court are Lonzo A. Caldwell's ("Plaintiff") Amended Complaint and Questionnaire and Declaration. (ECF 13, 21). Plaintiff is proceeding *pro se* and *in forma pauperis*. This case was reassigned to Magistrate Judge D. Gordon Bryant, Jr., on May 25, 2021, with the proviso that the case would be transferred back to the district judge if Plaintiff failed to consent to proceed before the Magistrate Judge. (ECF 15). Thereafter, Plaintiff consented to proceed before the United States Magistrate Judge for all proceedings. (ECF 18). The case was reassigned to the undersigned on January 3, 2022. The Court must always examine its own jurisdiction to hear legal disputes. For the reasons explained below, the Court DISMISSES the Amended Complaint.

### I.  FACTUAL BACKGROUND

Plaintiff filed a handwritten letter, which the Clerk filed as a complaint, naming the Lubbock County Coroner's Office as Defendant. (ECF 1). The Court required Plaintiff to amend his complaint using the appropriate form. (ECF 8). Plaintiff did so. (ECF 13). Plaintiff has answered the Court's Questionnaire to clarify that he is suing Defendant for failing to provide conclusive findings as to the cause of death of Plaintiff's common law wife. Specifically, the autopsy reflected that she died of blunt force trauma, but failed to consider that she might have

fallen and hit her head following a heart attack. Plaintiff admits that he was blamed for her death and is serving a ten-year sentence for manslaughter. Plaintiff seeks to recover monetary damages and "possibly a new autopsy." (ECF 13 at 4).

## II. STANDARD OF REVIEW

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999). The federal courts' jurisdiction is limited; they may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. In a case filed *in forma pauperis*, the Court is required to dismiss the complaint or any portion thereof if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

In evaluating whether a complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal statutory or constitutional right, and (2) that person acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

When jurisdiction is based on diversity of citizenship, facts to establish diversity must be disclosed on the face of the complaint and must set forth with specificity the citizenship of the

parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). For purposes of determining diversity jurisdiction, a person's citizenship is generally regarded as synonymous with his domicile. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). A prisoner's citizenship generally lies either in the state of his citizenship prior to incarceration or the state where he is currently incarcerated. *Ronald Alexander Leblanc Trust v. Ransom*, 276 F. Supp. 2d 647, 652 (S.D. Tex. 2003).

### III. ANALYSIS

#### A. The Court Lacks Federal Question Jurisdiction

Although Plaintiff filed his complaint on a civil rights form, he has not alleged facts sufficient to assert a claim under the Court's federal question jurisdiction. He sues the Lubbock County Coroner's Office, but complains about the work of a sub-contractor. (ECF 21 at 1). Assuming for the sake of argument that his complaint is against a state actor, *see Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991), Plaintiff has not alleged any facts to show that Defendant violated his constitutional rights or federal statutory rights. He simply alleges that the sub-contractor hired by Defendant to perform the autopsy of his common law wife was fired at some unknown time for "shady work practices." (ECF 21 at 1). He appears to contend that, had the autopsy taken into account that the decedent might have fallen and hit her head as a result of a heart attack, he would not have been indicted for manslaughter.[1] Assuming that these allegations could support a claim under § 1983, Plaintiff still could not pursue that claim.

The law is clear that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions that would render his conviction

---

[1] In the Amended Complaint, Plaintiff alleges that the decedent died as a result of a heart attack. (ECF 13 at 4). Apparently recognizing that blunt force trauma was the cause of death, his answers to the Court's Questionnaire reflect that the heart attack caused decedent to fall and hit her head, which caused her death. (ECF 21 at 2).

3

or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed or otherwise declared invalid. Otherwise, the claim is not cognizable under § 1983.[2] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As Plaintiff admits he is serving the sentence for the conviction he attacks, the *Heck* requirements are not met.

### B. The Court Lacks Diversity Jurisdiction

To the extent Plaintiff might simply have intended to bring a state court claim for negligence, it is clear that the Court lacks diversity jurisdiction. From the face of Plaintiff's pleading no other conclusion could be reached but that both Plaintiff and Defendant are Texas citizens.

### IV. CONCLUSION

The Court lacks jurisdiction over Plaintiff's claims. Because it would be futile to allow further amendment to resolve jurisdictional issues, the Court orders this case dismissed for lack of subject matter jurisdiction. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

ENTERED March 6, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[2] If Plaintiff's goal is to obtain release from custody, he must pursue that relief under 28 U.S.C. § 2254 after exhausting his state court remedies. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).